■ KINCAR LEASING CORPORATION, Respondent, v MODERN DEB, INCORPORATED, et al., Respondents, and MAURICE MUSMAN, Appellant.—Order, Supreme Court, New York County, entered May 18, 1976, granting summary judgment dismissing the cross claim of Musman against defendants Modern Deb and First Republic, unanimously affirmed. Judgment, Supreme Court, New York County, entered June 8, 1976, dismissing the counterclaim of the defendant Musman against Kincar, unanimously affirmed. Appeal from the order of the Supreme Court, New York County, entered March 17, 1976, granting summary judgment dismissing the counterclaim of the defendant Musman against Kincar on default, unanimously dismissed as nonappealable (CPLR 5511) with one bill of $60 costs and disbursements of these appeals to defendants-respondents. Modern Deb, Inc., had leased two cars from Kincar Leasing Corporation. Maurice Musman, then an employee of Modern Deb, was given the use of the automobiles. Musman left the employ of Modern Deb and did not return the two automobiles. Kincar reported the automobiles as missing.* Kincar also sued Modern Deb for money owing under the lease agreement. Included as parties defendant in that suit were First Republic Corporation of America (the parent corporation of Modern Deb) and Musman (Modern Deb's employee). Musman answered the complaint and included a cross claim against the other defendants and a counterclaim against Kincar alleging a conspiracy among them to ruin his reputation in the community. The claim of Kincar against Modern Deb and First Republic was settled and the action against them discontinued. The defendants Modern Deb and First Republic made a motion for summary judgment on Musman's cross claim, and Kincar also made a motion for summary judgment on Musman's counterclaim against it. Papers were submitted in opposition to the motion of the defendants Modern Deb and First Republic but not in opposition to Kincar's motion. The motion of Kincar was granted on default by order dated February 20, 1976 and

---

* The police ultimately located the cars through Musman and they were returned to Kincar.

entered March 17, 1976. An appeal has been taken from that order. The judgment appealed from entered June 8, 1976 reflects the fact that "reargument" of the motion was "heard" on February 19, and the motion to grant summary judgment to Kincar against Musman on the counterclaim was granted. No appeal was taken from an underlying order entered May 17, 1976 specifically denying vacatur of the default, which order referred to a hearing held March 4, 1976. An additional appeal, however, was taken from an order entered May 18, 1976 dismissing the cross claim of Musman against defendants Modern Deb and First Republic. The record in the case at bar, reflected only in part by the recitation above, contains a hodgepodge of orders and one judgment, erroneously labeled by counsel as an order. Our inescapable conclusion, however, is that Musman has failed to show by affidavit or at the hearing of March 4, 1976 that there is any merit to the cross claim against Modern Deb and First Republic, or the counterclaim against Kincar. It is not denied that the two cars were not immediately returned by Musman, and Musman's own pretrial examination belies any conspiracy among Modern Deb, First Republic, and Kincar. We find therefore that summary judgment was properly granted in favor of Kincar on Musman's counterclaim against it, and in favor of Modern Deb and First Republic on Musman's cross claim against them. Concur—Lupiano, J. P., Birns, Lane and Markewich, JJ.